```
JS-6                    UNITED STATES DISTRICT COURT              Priority    ____
                         CENTRAL DISTRICT OF CALIFORNIA            Send       ____
                                                                   Enter      ____
                              CIVIL MINUTES - GENERAL              Closed     ____
                                                                   JS-5/JS-6  ____
                                                                   Scan Only  ____
```

CASE NO.: **CV 11-09411 SJO (CWx)**              DATE: **January 30, 2012**

TITLE:    **Grigor Marsikyan v. Porsche Cars North America, Inc., et al.**

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                  Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                       Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

On November 10, 2011, Defendant Porsche Cars North America, Inc. ("Defendant") removed this action from Los Angeles County Superior Court. (Notice of Removal ("Notice"), ECF No. 1.) Plaintiff Grigor Marsikyan ("Plaintiff") filed his Complaint in state court on September 28, 2011. (Notice Ex. 1 ("Compl.").) For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.      PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Complaint alleges two causes of action against Defendant: general negligence and products liability. (Compl. 3.) On November 25, 2010, Plaintiff drove his 2003 Porsche Cayenne on the 210 Freeway near Carnelian Road and subsequently experienced a motor vehicle collision. (Compl. 4.) Plaintiff alleges that the car's airbag did not deploy upon collision. (Compl. 4.) Plaintiff argues that Defendant had a duty to ensure that his vehicle's features were in proper working condition and that Defendant breached this duty by failing to provide a car with a functioning airbag. (Compl. 4.)

As a result of the collision, Plaintiff contends that he suffered a loss of wages, hospital and medical expenses, and general damages. (Compl. 3.) The Complaint does not state any numerical figure regarding the amount of damages sought. (Compl. 3.) Under Question 14 on the Complaint form, which asks for the Plaintiff's prayer for relief, Plaintiff only requested that the amount of compensatory damages be "according to proof." (Compl. 3.) On November 9, 2011, Defendant filed an answer in state court, listing nineteen affirmative defenses in response to Plaintiff's allegations. (Notice Ex. 1 ("Answer").) On November 10, 2011, Defendant removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (Notice ¶ 6.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-09411 SJO (CWx)</u>  **DATE:** <u>January 30, 2012</u>

II. **<u>DISCUSSION</u>**

A defendant may remove an action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Id.* § 1332(a).

    A.     <u>*Sua Sponte* Challenge to Subject Matter Jurisdiction</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See id.* § 1447(c) (2006). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

    B.     <u>Complete Diversity</u>

Plaintiff is an individual residing in California. (Compl. ¶ 1.) A person is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Defendant is a company incorporated in Delaware with its principal place of business in Georgia. (Notice ¶ 8.) "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, -- U.S. --, 130 S. Ct. 1181, 1186 (2010). Therefore, Defendant is a citizen of both Delaware and Georgia.

Although Plaintiff has also filed his complaint against Doe Defendants 1 to 10, the Court may disregard the citizenship of fictitious entities for the purposes of determining whether complete diversity exists. § 1441(b)(1). Because Plaintiff and Defendant are citizens of different states, complete diversity exists in this case.

    C.     <u>Amount in Controversy Requirement</u>

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). For removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 11-09411 SJO (CWx)          **DATE:** January 30, 2012

is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Here, it is not facially evident from the Complaint that more than $75,000 is in controversy. (*See generally* Compl.) Plaintiff did not provide his annual earnings during the time of the accident to support his claim for lost wages, nor has he provided a total monetary cost for his medical expenses incurred. (*See generally* Compl.) The only indication that Plaintiff gives to the Court regarding an amount in controversy is where Plaintiff identifies the action as "an unlimited civil case," one exceeding $25,000. (Compl. 1.) Other than this one identification, the Complaint is devoid of monetary figures and general facts from which the Court could infer a true amount in controversy. (*See generally* Compl.)

Because no amount in controversy is alleged in the Complaint, Defendant carries the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy. *See Matheson*, 319 F.3d at 1090. This Court has held that a preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the court to speculate as to the value of too may variables." *Dupre v. Gen. Motors*, No. 10-CV-00955, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). In proving the amount in controversy, Defendant's "calculations [must be] good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, 2011 WL 499390, at *2 (C.D. Cal. Feb.10, 2011). The removing defendant must also "set[] forth . . . the **underlying facts** supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567 (emphasis in original). Conservative estimates without a factual basis are "vague and conclusory" and do not satisfy the "more than likely" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927, 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

Defendant contends that the amount in controversy meets the threshold requirement because Plaintiff seeks damages for his personal injuries, including "the loss of his left arm." (Notice ¶ 9.) The Court, therefore, examines if any "summary-judgment-type evidence," exists to support proper removal. *Matheson*, 319 F.3d at 1090. Nowhere on the form Complaint does Plaintiff allege that he suffered the loss of his left arm, and Defendant offers no summary-judgment-type evidence to support its claim that Plaintiff seeks recovery for such a loss. Even if Plaintiff did lose his arm as a result of the collision, Defendant's statement describing the loss is vague; it is unclear whether Plaintiff has lost only function in the arm (and if so, whether the loss of function temporary or permanent) or whether Plaintiff's arm was amputated. In either scenario, the Court would be required to speculate as to the value of Plaintiff's losses based upon too many uncertain variables.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-09411 SJO (CWx)</u>          **DATE:** <u>January 30, 2012</u>

Defendant presents no argument regarding the level of damages typically awarded to plaintiffs who successfully recover for the loss of an arm.

Because Defendant has failed to meet its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, the Court remands this action.

III.     <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to Los Angeles County Superior Court. This action shall close.

IT IS SO ORDERED.


```
cc: order, docket, remand letter to
    Los Angeles Superior Court, No. BC 470563
```